IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME J. MARTINEZ, | : Civil No. 1:26-CV-00306 |
| Plaintiff, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| FRANK BISIGNANO, Commissioner of Social Security, | : |
| Defendant. | : |

MEMORANDUM OPINION

I. Introduction

Jerome Martinez filed an application under Title II of the Social Security Act for a period of disability and disability insurance benefits on July 24, 2024.[1] Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ found that Martinez was not disabled from his alleged onset date of July 1, 2021, through September 11, 2025, the date of the ALJ's decision.[2]

Martinez now appeals this decision, arguing that the ALJ's decision is not supported by substantial evidence.[3] After a review of the record,

[1] Tr. 17.
[2] Tr. 33.
[3] Doc. 7.

and mindful of the fact that substantial evidence "means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'"[4] we conclude that substantial evidence supports the ALJ's findings in this case. Therefore, we will affirm the decision of the Commissioner denying this claim.

## II. Statement of Facts and of the Case

Martinez filed for disability and disability insurance benefits due to chronic back pain, arthritis, hearing loss, Crohn's disease, degenerative disc disease, post-traumatic stress disorder, anxiety, depression, anemia, and high blood pressure.[5] Martinez was 43 years old at the time of his alleged onset date, had a GED, and had past relevant work as a security guard, office manager, and surveillance system monitor.[6]

An ALJ held a hearing on Martinez's disability application on July 2, 2025.[7] Martinez and a Vocational Expert ("VE") both appeared and testified at this hearing.[8] Following this hearing, on March 28, 2025, the ALJ issued a decision denying the plaintiff's application for disability

---

[4] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).
[5] Tr. 240.
[6] Tr. 31.
[7] Tr. 17.
[8] *Id.*

benefits.[9] The ALJ first concluded that Martinez had not engaged in substantial gainful activity since his alleged onset date of July 1, 2021.[10] At Step 2 of the sequential analysis that governs disability claims, the ALJ found that Martinez suffered from severe impairments of chronic back pain; bilateral osteoarthritis ("OA") of the knees; bilateral sensorineural hearing loss; degenerative disc disease ("DDD") of the lumbar spine; bilateral rotator cuff tear, status-post repair; posttraumatic stress disorder ("PTSD"); anxiety disorder; and major depressive disorder ("MDD").[11] The ALJ found, however, that Martinez's Crohn's disease, anemia, and carpal tunnel syndrome did not cause more than minimal limitations in his ability to perform basic work activities and were non-severe.[12] At Step 3, the ALJ concluded that none of these impairments met or equaled the severity of a listed impairment under the Commissioner's regulations.[13]

Between Steps 3 and 4, the ALJ concluded that Martinez has the residual functional capacity ("RFC") to perform sedentary work with a

[9] Tr. 17-33.
[10] Tr. 19.
[11] Tr. 19.
[12] Tr. 20
[13] Tr. 20-23.

range of postural, atmospheric, and noise limitations, and requiring only occasional decision making and changes in the work setting.[14] The ALJ considered the medical records, opinion evidence, and the plaintiff's subjective symptoms.[15] Ultimately, the ALJ concluded that the plaintiff is capable of a sedentary level of exertion within the aforementioned parameters.[16]

Having made these findings, the ALJ found at Step 4 that Martinez had relevant past work in composite jobs, including: security guard, office manager, and surveillance system monitor, but was unable to perform this work as actually or generally performed.[17] At Step 5, relying on VE testimony, the ALJ found that he could perform the occupations of charge account clerk, surveillance system manager, and document preparer.[18] Accordingly, the ALJ found that Martinez had not met the stringent standard prescribed for disability benefits and denied his claim.[19]

---

[14] Tr. 26

[15] Tr. 26-31.

[16] *Id.*

[17] Tr. 31.

[18] Tr. 31-32.

[19] Tr. 33.

This appeal followed.[20] On appeal, Martinez challenges the adequacy of the ALJ's decision, arguing it is not supported by substantial evidence.[21] This case is fully briefed and is therefore ripe for resolution. For the reasons set forth below, we will affirm the decision of the Commissioner.

## III. Discussion

### A. Substantial Evidence Review and the Disability Determination Process

This Court's review of the Commissioner's decision to deny benefits is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record.[22] Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[23] Substantial evidence means less than a preponderance of the evidence but more than a mere scintilla.[24]

---

[20] Docs. 1, 7.
[21] Doc. 9.
[22] *See* 42 U.S.C. §405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012).
[23] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).
[24] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The court must "scrutinize the record as a whole" to determine if the decision is supported by substantial evidence.[25]

When conducting this review, we must remain mindful that "we must not substitute our own judgment for that of the fact finder."[26] Instead, we must determine whether there is substantial evidence to support the ALJ's findings. In doing so, we must also determine whether the ALJ adequately articulated the reasons for his decision.[27] The ALJ is not required to use "magic" words but rather must discuss the evidence and explain the reasoning behind his or her decision with more than just conclusory statements.[28] Ultimately, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."[29]

To be eligible for benefits, a claimant must demonstrate that he or she has a severe physical or mental impairment that precludes him or her from engaging in previous work or "any other substantial gainful

---

[25] *Leslie v. Barnhart*, 304 F. Supp.2d 623, 627 (M.D. Pa. 2003).
[26] *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).
[27] *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000).
[28] *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations omitted).
[29] *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).

work which exists in the national economy."[30] To receive benefits under Title II of the Social Security Act, a claimant must show that he or she is under retirement age, contributed to the insurance program, and became disabled prior to the date on which he or she was last insured.[31] In making a disability determination, the ALJ follows a five-step evaluation.[32] The ALJ must sequentially determine whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals a listed impairment; (4) is able to do his or her past relevant work; and (5) is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC").[33]

Between Steps 3 and 4, the ALJ must also determine the claimant's residual functional capacity ("RFC")—that is, "that which an individual is still able to do despite the limitations caused by his or her impairment(s)."[34] The ALJ must consider all the claimant's medically

---

[30] 42 U.S.C. §423(d)(2)(A); 42 U.S.C. §1382c(a)(3)(B); 20 C.F.R. §§404.1505(a), 416.905(a).
[31] 42 U.S.C. §423(a); 20 C.F.R. §404.131(a).
[32] 20 C.F.R. §§404.1520(a), 416.920(a).
[33] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).
[34] *Burnett*, 220 F.3d at 121 (citations omitted); *see also* 20 C.F.R. § 404.1545(a)(1).

determinable impairments, including any non-severe impairments identified by the ALJ at step two of his or her analysis.[35] Our review of the ALJ's determination of the plaintiff's RFC is deferential, and that determination will not be set aside if it is supported by substantial evidence.[36]

The claimant bears the burden at Steps 1 through 4 to show a medically determinable impairment that prevents him or her from engaging in any past relevant work.[37] If met, the burden then shifts to the Commissioner to show at Step 5 that there are jobs in significant numbers in the national economy that the claimant can perform consistent with the claimant's RFC, age, education, and work experience.[38]

### B. Legal Benchmarks for the ALJ's Assessment of Medical Opinions

For applications filed after March of 2017, the regulations require ALJs to consider several factors to determine the persuasiveness of a medical opinion: supportability, consistency, relationship with the

---

[35] 20 C.F.R. §§404.1545(a)(2), 416.945(a)(2).
[36] *Burns v. Barnhart,* 312 F.3d 113, 129 (3d Cir. 2002).
[37] *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).
[38] 20 C.F.R. §§404.1512(f), 416.912(f); *Mason*, 994 F.2d at 1064.

claimant, specialization, and other factors tending to support or contradict a medical opinion.[39] Supportability and consistency are the two most important factors, and an ALJ must explain how these factors were considered in his or her written decision.[40] Supportability means "[t]he more relevant the objective medical evidence and supporting explanations . . . are to support his or her medical opinion(s) . . . . the more persuasive the medical opinions . . . will be."[41] The consistency factor focuses on how consistent the opinion is "with the evidence from other medical sources and nonmedical sources."[42]

It is well settled that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations."[43] When confronted with several medical opinions, the ALJ can choose to credit certain opinions over others but "cannot reject evidence for no reason or for the wrong reason."[44] Further, the ALJ can credit parts of an opinion without giving

---

[39] 20 C.F.R. § 404.1520c(c).
[40] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *Blackman v. Kijakazi*, 615 F. Supp. 3d 308, 316 (E.D. Pa. 2022).
[41] 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).
[42] 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).
[43] *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).
[44] *Mason*, 994 F.2d at 1066.

credit to the whole opinion and may formulate a claimant's RFC based on different parts of different medical opinions, so long as the rationale behind the decision is adequately articulated.[45] On the other hand, in cases where no medical opinion credibly supports the claimant's allegations, "the proposition that an ALJ must always base his RFC on a medical opinion from a physician is misguided."[46]

C. The ALJ's Decision is Supported by Substantial Evidence.

Our review of the ALJ's decision denying an application for benefits is significantly deferential. Our task is simply to determine whether the ALJ's decision is supported by substantial evidence in the record; that is "only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[47] Judged against this deferential standard of review, we conclude that substantial evidence supported the ALJ's decision in this case.

Martinez asserts that the ALJ erred in his consideration of Martinez's Crohn's disease, anemia, and carpal tunnel syndrome, in that

---

[45] *See Durden v. Colvin*, 191 F. Supp. 3d 429, 455 (M.D. Pa. 2016).
[46] *Cummings v. Colvin*, 129 F. Supp. 3d 209, 214–15 (W.D. Pa. 2015).
[47] *Biestek*, 139 S. Ct. at 1154.

the ALJ should have found these impairments to be severe.[48] At Step 2, the ALJ determines whether a claimant has a medically severe impairment or combination of impairments.[49] An impairment is considered severe if it "significantly limits an individual's physical or mental abilities to do basic work activities," or if it is "something beyond 'a slight abnormality which would have no more than a minimal effect on an individual's ability to work.'"[50] This Step 2 inquiry is a de minimis screening device used to cast out meritless claims.[51] The claimant bears the burden to show that an impairment should be considered severe.[52]

Here, the ALJ adequately explained why he found Martinez's Crohn's disease to be a non-severe impairment. The ALJ considered Martinez's testimony and the medical record regarding his Crohn's disease. The ALJ noted Martinez's testimony that he requires immediate

---

[48] Doc. 7 at 3-13.
[49] *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987).
[50] 20 C.F.R. 404.1520(c); *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citations omitted).
[51] *McCrea*, 370 F.3d at 360; *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003).
[52] *Bowen*, 482 U.S. at 146; *Stancavage v. Saul*, 469 F. Supp. 3d 311, 331 (M.D. Pa. 2020).

access to a bathroom after eating and spends up to 30 minutes in the bathroom each time.[53] He testified that he could be in the bathroom up to eight times per day with flare ups of his Crohn's, which occur approximately three times per month.[54] But the ALJ also recognized Martinez's own reports that, while he continues to have frequent diarrhea and sees a gastroenterologist, he does not take medication for his symptoms of diarrhea.[55]

While there is not a robust discussion of Crohn's and its potential effects, the decision does indicate that the ALJ considered Crohn's while crafting Martinez's RFC. We conclude this was sufficient to satisfy the ALJ's minimal articulation requirements in this context. Martinez points to specific record evidence purporting to show the severity of his Crohn's, arguing the ALJ should have used that evidence to find further limitations to his RFC, but we are prohibited from re-weighing the evidence.[56] We must only determine if the ALJ's decision is supported by substantial evidence, and here, we conclude that it is.

---

[53] Tr. 20.
[54] *Id.*
[55] *Id.*
[56] *Zirnsak*, 777 F.3d at 611.

Likewise, the ALJ adequately explained why she found Martinez's anemia to be a non-severe impairment. The ALJ detailed the medical record regarding Martinez's anemia. The ALJ noted that his symptoms were managed by conservative medication and his treatment records did not identify the need for additional treatment for symptom management.[57] Ultimately, the ALJ found that Martinez's anemia was controlled by medication and was non-severe. Given that it is the claimant's burden to prove that an impairment is severe at Step 2, we conclude that the ALJ's decision at Step 2 is supported by substantial evidence and does not require a remand.

Further, the ALJ adequately explained why he found Martinez's carpal tunnel syndrome to be a non-severe impairment. The ALJ detailed the medical record regarding Martinez's carpal tunnel syndrome, which reflected that Martinez was previously prescribed removable wrist splits for nighttime use but stopped using them due to discomfort.[58] The ALJ also noted that both Martinez's testimony and his treatment records did not indicate significantly worsening symptoms.[59]

---

[57] Tr. 20.
[58] *Id.*
[59] *Id.*

Additionally, Martinez did not report these symptoms or this impairment to his medical examiner in October 2024.[60] Thus, the ALJ's consideration of Martinez's carpal tunnel syndrome satisfies the minimal articulation requirement, and the ALJ's decision in this regard is supported by substantial evidence.

In sum, we conclude substantial evidence supported the ALJ's conclusion that Martinez's Crohn's, anemia, and carpal tunnel are non-severe impairments that did not require any limitations in the RFC.[61] Further, any error in finding these impairments non-severe is harmless,[62] as Martinez fails to point to any evidence demonstrating that labeling his impairments as severe would have led to a different outcome in his case. This is especially the case where the ALJ explicitly stated that he considered both severe and non-severe impairments in

---

[60] *Id.*

[61] *Id.*

[62] Social Security appeals are subject to harmless error analysis, under which a remand is warranted only if the plaintiff shows the error prejudiced his "substantial rights" by likely affecting the outcome of the proceeding. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (requiring the party attacking the agency's determination to explain how the error "could have made any difference."); *see e.g. Hyer v. Colvin*, 72 F. Supp. 3d 479, 494 (D. Del. 2014); *Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016).

formulating the RFC.[63] Accordingly, there is no basis for a remand on this issue.

## IV. Conclusion

For the foregoing reasons, the decision of the Commissioner in this case will be affirmed, and the plaintiff's appeal denied.

An appropriate order follows.

Submitted this 30th day of October 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

---

[63] Tr. 20.